ALTENBERND, Judge,
Concurring.
I fully concur in this opinion, but I have reservations about the disposition of two of the issues on remand. First, the evidence about the Former Wife’s possible future disability is limited. She is a 60-year-old physician who apparently has some form of disability insurance. Many physicians who perform surgery tend to shift their practice away from surgery as they approach retirement. I am not entirely convinced that the Former Husband should become the disability insurance company for the Former Wife, any more than I would think that she should insure him against the uncertainties of his livelihood in the real estate industry. Each of the parties appears to have solid earning capacity and assets well in excess of $1,000,000. Thus, although our opinion provides the circuit judge the discretion on remand to award a nominal amount of alimony to reserve the possibility for a future modification, I am not convinced that such an award is appropriate under the circumstances.
Second, while I agree that the trial court should not have simply ordered the Former Husband to pay half of any future expenses or liabilities the Former Wife might incur as a result of malpractice she might have committed prior to December 31, 2002, I do not rule out the possibility that under certain circumstances a court could determine that a contingent professional liability arising from patient care during a marriage could be treated as a marital liability. If a married couple has enjoyed the income from a spouse’s profession, there may be times when a known contingent, but unliquidated, professional liability should be treated as a marital liability, just as the related income was treated as marital income. Nevertheless, a contingent liability cannot be distributed if it is too speculative to identify or distribute. Cf. Roberts v. Roberts, 689 So.2d 378 (Fla. 4th DCA 1997) (discussing valuation and distribution of attorney/husband’s contingency fee cases). In this case, the evidence presented included little or no infor *354 mation about any malpractice the Former Wife may have committed prior to 2003 or any claims made relating to that period. By -the time the final judgment was entered in the dissolution proceeding, one would predict that the statute of limitations would have run on a high percentage of any possible claims. Thus, I concur with the decision to reverse this portion of the final judgment of dissolution of marriage.